# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CARLOS EDWARD VANCE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08CV00019 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER** | ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*John J. Gifford, Browning, Lamie, & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Robert W. Kosman, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I grant in part the objection of the Commissioner to the report and recommendation of the magistrate judge and remand the case for further proceedings.

In this case, Carlos Edward Vance challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance and supplemental security income benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed

her report on May 28, 2009, recommending that the Commissioner's decision be vacated and the case remanded for an award of benefits. On June 10, 2009, the Commissioner filed written objections to the report. The objections have been briefed and are ripe for decision.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b)(3). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

The issue in the case is whether the Commissioner erred in determining that the plaintiff did not meet the requirements of the listed impairment related to mental retardation. If a claimant meets or equals a listed impairment under the Social Security regulations, it is conclusively presumed that the claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

The mental retardation listed impairment provides in pertinent part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C (2009) ("12.05C").

The magistrate judge determined that the Social Security administrative law judge erred in finding that the plaintiff failed to meet the criteria of 12.05C, based in part on the fact that psychologist Melinda M. Wyatt had tested the plaintiff on September 5, 2007(when the plaintiff was 48 years old), and found that he had a performance IQ score of 70. The magistrate judge found that the record also showed that the plaintiff's mental impairment manifested itself before age 22, and since the administrative law judge had already determined that the plaintiff had an additional and significant work-related limitation of function, the magistrate judge recommended that the case be remanded for payment of benefits.

In his objections, the Commissioner points out that psychologist Wyatt diagnosed the plaintiff as having "Borderline Intelligence" (R. at 456), which in psychological parlance describes a higher-level condition than mental retardation. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders*

45 (4th ed. 1994). In addition, the plaintiff has a long work history in a semiskilled position, had scored well on an achievement test, had not been enrolled in special education while in school, and had been referred to by a physician as having intelligence "within normal range." (R. at 345.) For these reasons, the Commissioner argues that the record does not support the magistrate judge's recommendation.

The administrative law judge did not consider or resolve these factual issues, finding only in a conclusory fashion that "the evidence fails to establish the presence of the 'paragraph C' criteria." (R. at 16.) In Social Security cases, factual determinations are the province of the administrative process, and where the crucial facts are ambiguous, as here, a remand is the appropriate course.

Accordingly, I will remand the case to the Commissioner for further administrative proceeding so that the facts surrounding the application of the listed impairment described in 12.05C can be properly determined.

An appropriate final judgment will be entered.

DATED: August 1, 2009

/s/ JAMES P. JONES
Chief United States District Judge